**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INDIANA AUTOBODY ASSOCIATION,**
**INC., ET AL**                                                                        **PLAINTIFFS**

**vs.**                                                                        **CASE NO. 6:14-CV-6001-Orl-31TBS**
                                                                        **MDL CASE NO. 6:15-MD-2557-GAP-TBS**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, ET AL**                                                **DEFENDANTS**

---

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION [DOC. NO. 145]**

---

COME NOW, the Plaintiffs in the above captioned cause and submit this, their Objection

to the Magistrate's Report and Recommendation, Doc. No. 145, and state the following to the Court:

With one exception discussed below, the Plaintiffs do not interpose objection to the Report

and Recommendation.  Objection is limited to the recommendations regarding Count I, Quantum

Meruit as Plaintiffs believe the results and effect of which are not what either the Court or the law

intends, as well as an unintended application of essential elements of the claim at the urging of the

Defendants.

### Count I:Quantum Meruit

In its Report and Recommendation, the Court recommended dismissal of this claim without

prejudice on two bases: (1) the Plaintiffs had entered into an express contract with the Defendants

and therefore equitable remedies are unavailable; and (2) Plaintiffs' expectation of full payment for

services rendered was unreasonable in light of the Defendants' history of refusing to make full

payment in the past.

With great respect, the Plaintiff requests the Court reconsider its findings in light of the following.

(1) Express Contract

In finding the existence of an express contract between the parties, the Court relied upon both the assertion of same by the moving Defendants and language regarding DRPs in the Amended Complaint.

With respect to the former, as the Plaintiffs have not asserted the existence of a contract between them, have strongly denied the existence of any contract between them, the assertion by the Defendants of the existence of such can only be characterized as an affirmative defense. Under Rule 8© of the Federal Rules of Civil Procedure, any avoidance or affirmative defense must be set forth in the answer. The Defendant bears the burden of proof for affirmative defenses. *SE Prop. Holdings, LLC v. McElheney*, 2015 U.S. Dist. LEXIS 14632, *7 (N.D. Fla. Feb. 6, 2015), *Gambon v. R & F Enters.*, 2014 U.S. Dist. LEXIS 179125, *11 (M.D. Fla. Dec. 2, 2014).

The Defendants' mere assertion of the existence of a contract does not establish its existence, thus the unquestionable allocation of proof upon the defendant for such claims. Under both Florida and Indiana law, the existence of an enforceable contract is a question of state law, determined by analysis of the contents of the purported contract. See, *Conwell v. Gray Loon Outdoor Mktg. Group*, 906 N.E.2d 805, 813 (Ind. 2009) and *Beharrie-Lue v. Felt Home Care, Inc.*, 2010 U.S. Dist. LEXIS 90189, *2 (S.D. Fla. July 28, 2010).

In the present case, the Defendants have asked this Court to find the existence of a contract based upon a complaint, which does not actually allege the existence of a contract. The Court has not been presented with any document purporting to be a contract, has not reviewed the contents of

such a document, has not determined the document constitutes an enforceable and binding contract. The Defendants have not even presented any information with which this Court may determine which state's law would apply to such an analysis.

In sum, the Defendants have asked this Court to allow them to leap frog over their affirmative obligations, excuse them from their burden of proof and make assumptions they should not be asking the Court to make.

Additionally, the Defendants' argument inchoately compels the conclusion that Plaintiffs are required to anticipate they would assert the existence of a contract and include assertions to defeat the same in the complaint. A plaintiff is not required to negate an affirmative defense in the complaint. *Perlman v. Bank of Am., N.A.*, 561 Fed. Appx. 810, 813 (11th Cir. 2014).

As the Plaintiffs did not assert the existence of a contract, nor are they required to negate the existence of the same in the complaint, and the Defendants bear the burden of pleading and proving the same, Plaintiffs respectfully submit their request this recommendation should be reconsidered.

(2) Reasonableness of expectation of compensation

The Plaintiffs fully accept that expectation of payment is an essential element of a quantum meruit claim under Indiana law. And as was set forth in several paragraphs of Plaintiffs' pleadings, they did expect payment for the work they performed.

Where Plaintiff parts ways with the Defendants' arguments is at the juncture of reasonableness. Defendants argued not that Plaintiffs' expectations of payment were unreasonable per se, but that the amount the Plaintiffs sought to be paid was unreasonable. The facts underlying this statement, according to the Defendants, is that because they had refused to pay the full bill in the past, they are excused from ever doing so. There are several problems with this.

First, the Defendants have admitted to the element at issue.  The element is limited to whether or not a plaintiff expects to be paid.  *Woodruff v. Ind. Family & Soc. Servs. Admin*., 964 N.E.2d 784, 791 (Ind. 2012)("Indiana courts articulate three elements for these claims: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment.")(emphasis added).

Here, the Defendants did, in fact, make partial payment, in essence conceding that Plaintiffs' expectation of payment was reasonable.  Expectation of payment is all that is required to be asserted in a complaint.  The amount of payment, and its reasonableness or lack thereof, is not.  That Defendants argue they paid all they intended to pay has no bearing whatsoever on the simple, limited issue of whether or not the Plaintiffs' expectation of payment was asserted in the Complaint.

If, as Defendants apparently do, believe they have a defense to the claim, such as they paid all they are required to pay, that, too would qualify as an affirmative defense for which the individual defendants bear the burden of pleading and proof.

The argument forwarded by Defendants is not that straightforward, however.  They argue instead, they paid all they intend to pay.  This raises entirely different issues of law and fact, foremost among them, the authority which grants the Defendants the right to make that determination as what the Defendants chose to pay was not what the Plaintiffs chose to charge.  If there is authority which grants the right to the Defendants to determine Plaintiffs' charges instead of the Plaintiff, they have utterly failed to bring the same to this Court's attention.  This is an issue the Defendants have steadfastly attempted to ignore and one which is not susceptible to 12(b)(6) dismissal.

There are, of course, situations which, on their face, excuse a defendant from making payment at all and thus rendering expectation of any payment (the element at issue) unreasonable. The Court noted one such case itself, *Woodruff*, supra. That however, is not the present case. The Defendants made no argument they were not required to pay for Plaintiffs' services <u>at all</u>, nor could they reasonably do so, particularly in light of the undisputed fact that they have paid in part. Having made no argument, the Defendants likewise did not cite any authority to that effect and it is the Defendants' burden to both make their arguments and cite appropriate supporting authority. Here, they have failed to do so.

Additionally, the current Report and Recommendation has what can only be termed unintended consequences. First, Defendants' argument that because they have successfully and habitually failed to make full payment for services rendered such that Plaintiffs cannot now be heard to seek legal redress essentially does away with the statute of limitation. In Indiana, plaintiffs have two years in which to seek relief under quantum meruit. If Defendants' argument is accepted, the statute of limitation will become meaningless as the Court will have determined that Plaintiffs cannot ever seek relief by virtue of Defendants' successful malfeasance in the past.

Second, The Court recognizes that not all Defendants maintain direct repair programs ("DRPs") and that not all Plaintiffs are, or ever were, associated with any DRPs. Yet, by finding the existence of a contract, the Plaintiffs who have never been associated with any DRP are de facto required to comply with contract terms (as yet undetermined) in contracts they never entered.

It has been long established that a court cannot compel a party to be bound by a contract it never entered. See, e.g., *Salomon v. North British & Mercantile Ins. Co.*, 215 N.Y. 214, 219 (N.Y. 1915). Assent by the parties is an essential element of a valid contract, as this Court recognized

again just a few months ago.  *AO Precision Mfg. LLC v. High Std. Mfg. Co.*, 2014 U.S. Dist. LEXIS 141810 (M.D. Fla. Oct. 6, 2014).

As matters currently stand, the effect of the Report and Recommendation compel the Plaintiffs to be parties to purported contracts to which they never assented.

Furthermore, and perhaps more damagingly, the Recommendation has the effect of excusing all Defendants from all accountability for their actions.  Defendants who do not have a DRP reap the benefits of court-sanctioned enforcement of contracts they never entered against all Plaintiffs, who also never entered a contract.  Defendants with DRPs reap the benefits of court-sanctioned enforcement of contracts against t Plaintiffs who never entered an agreement with them and never agreed to be bound.

Perhaps more importantly, by finding a contract and dismissing equitable remedies at the present stage of litigation, the Court essentially is finding that Defendants can do as they please without consequence.  No contract has been produced, nor determined to be valid, yet Plaintiffs are cut off from pursuing equitable remedies in the future even should the Court determine the purported contracts at issue are, in fact, not valid.

In other words, at the present, Plaintiffs would have no remedies at all for actions which arguably fulfill the elements for the equitable relief sought by virtue of the Defendants' urging the Court find the existence of a contract between them–even the Defendants who never had a contract in the first place.  This leads to an unjust result.

Given the equitable nature of the remedy sought, what is just is a primary concern.  Plaintiffs respectfully submit that at the present stage of litigation, finding an express contract particularly

where no such document has even been produced, while simultaneously foreclosing quasi-contractual avenues of relief is premature and should be reconsidered.

Respectfully submitted, this the 11ᵗʰ day of March, 2015.

**INDIANA AUTOBODY ASSOCIATION, INC., ET AL**

**BY:**    \_\_\_/s/ Allison P. Fry\_\_\_
        John Arthur Eaves, Jr.
        Allison P. Fry
        William R. Sevier

        Attorneys for the Plaintiff

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone:    601.355.7961
Facsimile:    601.355.0530
allison@eaveslaw.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion to Dismiss has been served electronically via the ECF system all counsel of record registered to receive note.

/s/ Allison P. Fry
