# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

INDIANA AUTOBODY ASSOCIATION,
INC., et al.,

    Plaintiffs,

v.                                               Case No: 6:14-cv-6001-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

On February 25, 2015, United States Magistrate Judge Thomas Smith entered a Report and Recommendation (Doc. 145) as to the Defendants' motions to dismiss (Docs. 131-135). He recommended that the motions be granted and the Plaintiffs' First Amended Complaint be dismissed without prejudice. On March 12, 2015, the Plaintiffs filed their Objection (Doc. 146) to the Report and Recommendation, and on March 26, 2015, the Defendants filed their responses (Docs. 147-149).

The Plaintiffs only disputed Judge Smith's recommendations as to one count – his determination that the Plaintiffs' quantum meruit claim (Count I) should be dismissed. Among other bases, Judge Smith recommended dismissal of the quantum meruit claim because the Plaintiffs had alleged that they had entered into contracts with each of the Defendants, rendering equitable remedies unavailable, and because any expectation of so-called "full" payment by the Plaintiffs was unreasonable in light of the Defendants' ongoing refusal to pay as much as the Plaintiffs believed that their services were worth. (Doc. 145 at 5-8).

The Plaintiffs dispute having alleged the existence of contracts between themselves and the Defendants and assert that it is up to the Defendants to prove such contracts exist. However, the Plaintiffs fail to address the language in the First Amended Complaint, quoted by Judge Smith, in regard to the so-called "Direct Repair Programs". For example, the Plaintiffs allege that "the Defendants," collectively, enter into program agreements "with each individual Plaintiff." The Plaintiffs cannot simply ignore these allegations when they are incompatible with equitable claims.

The Plaintiffs also disagree with Judge Smith's determination that their expectation of payment was unreasonable. To state a claim for quantum meruit under Indiana law, they argue, all that is needed is an expectation of payment, which they have alleged. But the sums at issue in the Plaintiffs' quantum meruit claims are not the amounts that they have already received from the Defendants. Rather, their quantum meruit claim is limited to any sums that, in fairness, they should have been paid, but were not. It is not enough for the Plaintiffs to demonstrate that they expected *some* payment, because they received *some* payment. They must demonstrate that they expected more.

As to this expectation of "more," the Plaintiffs fail to respond to the case law, cited by Judge Smith, requiring that the expectation of payment be reasonable. *See Woodruff v. Indiana Family and Social Services Admin.*, 964 N.E.2d 784, 792 (Ind. 2012) (affirming judgment on quantum meruit claim because plaintiff "could not, under any level of reasonableness, have expected payment"). Accepting as true the facts alleged here by the Plaintiffs – essentially that they agreed to perform repairs at certain prices, and that they knew that the Defendants had always refused to pay more than those prices – the Plaintiffs could not, under any level of reasonableness, have expected to be paid more than what they received.

Finally, the Court notes that Judge Smith also discussed a third basis for recommending dismissal of the quantum meruit claim: that the Plaintiffs had failed to allege that they had conferred a benefit on the Defendants.   The Plaintiffs did not address this argument when it was raised in the motions to dismiss, and they have not addressed it in their Objection to the Report and Recommendation.   Dismissal is warranted on this basis as well.

In consideration of the foregoing, it is hereby **ORDERED** that the Report and Recommendation (Doc. 25) is **CONFIRMED AND ADOPTED**.   The motions to dismiss (Docs. 131-135) are **GRANTED** and the First Amended Complaint (Doc. 123) is **DISMISSED WITHOUT PREJUDICE**.   The Plaintiffs may file an amended pleading on or before April 13, 2015.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2015.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party