UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INDIANA AUTOBODY ASSOCIATION,
    INC., ET AL      PLAINTIFFS

vs.      CASE NO. 6:14-CV-6001-Orl-31TBS
     MDL CASE NO. 6:15-MD-2557-GAP-TBS

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY, ET AL      DEFENDANTS

---

## MOTION TO RECONSIDER

---

Come Now, Plaintiffs in the above-captioned cause, and filed this, their Motion to Reconsider and state to the Court the following:

1. On February 29, 2016, the trial court issued an order dismissing Plaintiffs' claims for price fixing and boycotting under the Sherman Antitrust Act with prejudice.

2. The order was entered less than three business days after the Report and Recommendation was issued, well before Plaintiffs had an opportunity to enter an objection to the recommendation, though the Report did not specifically address these claims.

3. Plaintiffs respectfully submit the haste utilized to dismiss the federal antitrust claims in this instance results in a substantial injustice.

4. There are generally three accepted grounds justifying reconsideration of an order, (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D. Fla. 1999).

5. The amended complaint was required to be filed nearly a year ago. Subsequent to the filing of the amended complaint, Plaintiffs obtained information qualifying as direct evidence of price fixing by the named Defendants and unnamed co-conspirators. Specifically, Plaintiffs obtained a statement from a Progressive employee who stated unequivocally that body shops have no say in the setting of their own labor rates, that the insurance companies "get together at big meetings" to set body shop labor rates, and that the insurance companies uniformly apply the labor rates agreed upon at these meetings. This representative even identified when the next such meeting was going to occur.

6. Plaintiffs additionally obtained a statement from a State Farm representative who stated State Farm intentionally suppresses and fixes body shop labor rates, and that State Farm's labor rate survey is a sham to justify its intentional fixing of labor rates.

7. Neither of these statements existed at the time the complaint was amended. Plaintiffs could not have included these explicit admissions of price fixing in the amended complaint as the words had not yet been spoken. Plaintiffs respectfully submit these direct admissions of price fixing are unambiguous and should be accorded the importance defined by the Seventh Circuit Court of Appeals, "the smoking gun in a price-fixing case: direct evidence, which would usually take the form of an admission by an employee of one of the conspirators, that officials of the defendants had met and agreed explicitly on the terms of a conspiracy to raise price." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 628 (7th Cir. 2010).

8. In the present matter, Plaintiffs now have two explicit statements from two different representatives of the conspirators admitting to illegal behavior. The statements of the State Farm representative not only indicate deliberate suppression of prices but also provides facts showing the

entire "market rate" assertions relied upon by the Defendants to excuse their actions is pretextual and a sham.

9. Even if these explicit statements could be considered ambiguous, the Court is required to interpret them favorably to the Plaintiffs. It may not select an alternative meaning that is fatal to Plaintiffs' claims. *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 294 (5th Cir. 1977). This is so even when considering new facts provided upon motion for reconsideration. *Id.*

10. Plaintiffs respectfully submit this new information justifies a reconsideration of the Court's conclusion that Plaintiffs antitrust claims should be dismissed with prejudice. Plaintiffs' continued investigation and diligent attempts to uncover additional information and facts should demonstrate to the Court that additional evidence of violations of the Sherman Act exist, as it has produced these additional inculpatory statements and should fully anticipate further evidence to be produced during discovery. Plaintiffs submit that denial of an opportunity to move forward where there exist explicit admissions of wrongdoing would result in manifest injustice.

11. The Plaintiffs therefore move this Court to reconsider its order of February 29, 2016, and allow the Plaintiffs to amend their complaint to include these direct admissions of price fixing in violation of the Sherman Act and additional facts and information supportive of their claims.

12. Plaintiffs have conferred with opposing liaison counsel and been advised Defendants do object to this Motion.

Respectfully submitted, this the 12th day of March, 2016.

                                               **INDIANA AUTOBODY ASSOCIATION, INC., ET AL**

                                               **By:** ***/s/ Allison P. Fry***

John Arthur Eaves, Jr.
Allison P. Fry

Attorneys for the Plaintiffs

John Arthur Eaves Law Offices
101 North State Street
Jackson, MS 39201
Telephone: (601) 355-7961
Facsimile: (601) 355-0530
johnjr@eaveslaw.com
allison@eaveslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 12th day of March, 2016. This filing will be served upon all ECF-registered counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's system.

*/s/ Allison P. Fry*
Allison P. Fry