**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

| | |
|---|---|
| INDIANA AUTOBODY ASSOCIATION, INC., *et al.*, | * |
| | * |
| | * |
| PLAINTIFFS, | * MDL Docket No. 2557 |
| | * |
| v. | * Case No. 6:14-cv-06001-GAP-TBS |
| | * |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*, | * Originally filed in the Southern |
| | * District of Indiana |
| | * |
| DEFENDANTS. | * |

**CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO RECONSIDER**

Plaintiffs' Motion to Reconsider ("Mot.") the Court's February 29, 2016 Order is meritless and should be denied summarily. Neither of the grounds offered by Plaintiffs remotely approaches the demanding standard justifying reconsideration of a prior order. The Court issued a carefully reasoned opinion months after full briefing on the merits of Plaintiffs' antitrust claims. (*See* Doc. 176.) The vaguely described, "newly discovered" allegations to which Plaintiffs generally allude appear to be the same as allegations that have been available to Plaintiffs for months and were included in other complaints filed in this same multidistrict litigation in May and September of 2015. Plaintiffs' attempt to add these allegations to a previously amended complaint is an insufficient reason for reconsideration under Eleventh Circuit precedent. *M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).

The relief that Plaintiffs seek is the stuff of a motion for leave to amend, and Plaintiffs' motion is a transparent attempt to avoid the consequences of their failure timely to

seek leave to amend. On January 29, 2016, they advised the Court they would try to amend this and other complaints in February, but they never did so. *See* Defs.' Liaison Counsel's Report Concerning Feb. Status Conf. ¶ 2, *In Re: Auto Body Shop Antitrust Litig.*, Doc. 261 in Case No. 6:14-md-02557 (representing that Plaintiffs would file motions "to amend complaints in the remaining antitrust cases in the MDL proceedings" before a February status conference). Plaintiffs' representation leaves little doubt about the true purpose of this motion. Even if Plaintiffs had met the standard for reconsideration, however, their attempt to amend would be futile. Plaintiffs' new allegations do not enhance the plausibility of their claims of antitrust conspiracy and so would not have altered the Court's holding that those claims should be dismissed with prejudice.

## I.      Legal Standard

The Court has discretion to reconsider its prior orders, *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990), but reconsideration "is an extraordinary remedy to be employed sparingly," *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The Court evaluates a motion for reconsideration under similar standards as for a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 & n.2. Reconsideration is justified only in the case of (1) an intervening change in controlling law, (2) newly discovered evidence not previously available to the moving party, or (3) a need to correct a clear error or manifest injustice. *Church of Our Savior*, 108 F. Supp. 3d at 1265. "Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation," and "must demonstrate why the court should reconsider its past

decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013) (internal quotation marks omitted).

## II. Plaintiffs Have Not Shown a Manifest Injustice

Plaintiffs first contend that the Court acted too hastily in dismissing their federal antitrust claims, resulting in a "substantial injustice." (Mot. at 1, ¶ 3.) Reconsideration to prevent a manifest injustice "is an extreme measure, and substantial discretion rests with the court in granting such a motion." *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) (quotation marks omitted). According to Plaintiffs, such an extreme measure is justified because the Court issued its order a few days after Magistrate Judge Smith's Report and Recommendation regarding Plaintiffs' state law claims, and thus before Plaintiffs could object to Judge Smith's recommendations. (Mot. at 1, ¶¶ 2-3.)

That contention is nonsensical and frivolous. Defendants' motions to dismiss have been fully briefed and ripe for decision for months. In the course of that briefing, Plaintiffs had a full opportunity to respond to Defendants' arguments regarding their antitrust claims. In issuing a decision months after that briefing was complete, the Court did not act in haste, and no injustice has occurred. As Plaintiffs concede, Judge Smith's Report regarding Plaintiffs' state law claims "did not specifically address" their federal antitrust claims. (Mot. at 1, ¶ 2.) In fact, Judge Smith made clear that his Report only addressed "the questions of state law" raised in Defendants' motion to dismiss, and he did not discuss the antitrust claims at all. (Doc. 175 at 2.) Plaintiffs do not explain what they would have said in their objections

to Judge Smith's recommended disposition of their state law tort and contract claims that would have been relevant to the Court's decision that Plaintiffs had failed to state a claim under federal antitrust laws.[1] Reconsideration on this ground would be improper.

## III.   Plaintiffs Have Not Demonstrated the Discovery of Newly Available Evidence

Second, Plaintiffs contend that they have "new" evidence to allege in support of their antitrust conspiracy claims. (*See* Mot. at 2, ¶¶ 5-6.) Plaintiffs do not specifically describe or reproduce this new evidence, and instead allude generally to vague allegations of purported statements by a "Progressive employee" and a "State Farm representative." (*Id.* at 2-3, ¶¶ 5-8.) According to Plaintiffs, these allegations would have lent sufficient plausibility to the conspiracy alleged in Plaintiffs' complaint to survive dismissal. Both contentions are meritless.

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the [case]." *M.G.*, 741 F.3d at 1262 (alteration in original). Although Plaintiffs contend that the new allegations were not available at the time they filed their amended complaint (*see* Mot. at 2, ¶ 7), they do not attempt to demonstrate that the allegations were not available <u>during the pendency of the case</u>.

Nor can they. The Court, having considered the sufficiency of many of the antitrust claims in this MDL, will be familiar with the allegation about purported statements by a State Farm employee to which Plaintiffs allude, as it has appeared in several complaints filed by Plaintiffs' attorneys in this MDL since May of 2015. *See, e.g.*, First Am. Compl. ¶ 250,

---

[1] Plaintiffs' objections to the Report and Recommendation, filed on the same day as their motion for reconsideration, do not contain any discussion of their antitrust claims. (*See* Doc. 177.)

*Parker Auto Body, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 119 in Case No. 6:14-cv-06004 (alleging that a "State Farm employee has admitted that State Farm deliberately suppresses labor rates and the purported survey results in a 'prevailing competitive price' is actually 'whatever State Farm wants it to be.' This employee has further admitted State Farm purposefully asserts reliance upon out-of-date information, such as labor rates 'about twenty years old,' entered into the 'survey' long ago").[2]

And the allegation about statements by a Progressive employee appeared in four complaints filed in September of 2015. *See* First Am. Compl. ¶ 214, *Legends Collision, LLC v. State Farm Mut. Auto. Ins. Co.*, Doc. 93 in Case No. 3:14-cv-06006 ("[I]n Pennsylvania, a representative of Progressive Defendants explained that body shops do not 'affect pricing;' rather, the insurance companies get together to determine rates and that new rates would likely be determined at a 'big meeting' that was scheduled in April 2015.").[3]

Because these allegations were available to Plaintiffs, they could have requested leave to amend their complaint to add the allegations at any time before dismissal. Defendants would likely have objected to attempts to amend this previously amended complaint yet again in 2016, but Plaintiffs offer nothing to justify their failure even to seek leave. "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier*, 904 F.2d at 667; *see also Classic Harvest LLC v. Freshworks LLC*, No.

---

[2] *See also* First Am. Compl. ¶ 151, *Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co.*, Doc. 85 in Case No. 6:14-cv-06002; Second Am. Compl. ¶ 125, *Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co.*, Doc. 102 in Case No. 6:14-cv-06003.

[3] *See also* First Am. Compl. ¶ 233, *The Only One, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 42 in Case No. 6:14-cv-06009 (same); First Am. Compl. ¶ 231, *Alliance of Auto. Serv. Providers, Inc. v. State Farm Mut. Auto. Ins. Co.*, Doc. 109 in Case No. 6:14-cv-06008 (same).

106553243.1

1:15-CV-2988, 2015 WL 9593621, at *3 (N.D. Ga. Dec. 31, 2015) ("A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion."). Reconsideration cannot be granted on this ground.

Even if Plaintiffs had met their burden of demonstrating that this "evidence" was previously unavailable to them, the vague, conclusory allegations do not match Plaintiffs' mischaracterization in the motion for reconsideration and would not have prevented dismissal of their antitrust claims. The Court already rejected Plaintiffs' attempt to characterize "allegations" of vague statements by an unidentified employee of a defendant as an admission of a conspiracy, *see* Order at 17 n.11, *A&E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, Doc. 293 in Case No. 6:14-cv-00310, and the Court recently considered and rejected the similar allegations about the State Farm employee in its order dismissing the Tennessee plaintiffs' antitrust claims with prejudice. *See* Order at 12 n.5, *Brewer Body Shop, LLC*, Doc. 106 in Case No. 6:14-cv-06002.

As Defendants have explained in motions to dismiss other complaints in this MDL, the actual allegations here fail to provide "direct admissions of," Mot. at 2, ¶ 7—or plausibly suggest—any conspiracy. There is nothing connecting Plaintiffs' conclusions regarding the speculations and opinions of purported employees and vague allusions to insurance industry misconduct with the specific conspiracy alleged among the specific defendants in this case.[4]

---

[4] *See* GEICO's Reply in Supp. of Mot. & Supporting Mem. to Dismiss Pls.' First Am. Compl. at 1-2, *Legends Collision, LLC*, Doc. 104 in Case No. 6:14-cv-06006; Moving Defs.' Reply in Further Supp. of Mot. to Dismiss Pls.' First Am. Compl. at 2-4, *id.*, Doc. 105; Consol. Reply in Supp. of Certain Defs.' Mots. to Dismiss Pls.' First Am. Compl. at 3-6, *The Only One, Inc.*, Doc. 55 in Case No. 6:14-cv-06009.

As such, these allegations do nothing to alter the ability of Plaintiffs' complaint to state a claim under the antitrust laws.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Reconsider.

Dated: March 31, 2015                    Respectfully submitted,

*/s/ Johanna W. Clark*_____
Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS JORDEN BURT, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@cfjblaw.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
E-mail: mmccluggage@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: mike.kenny@alston.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company*

7

/s/ Michael E. Mumford
Ernest E. Vargo, *Admitted Pro Hac Vice*
evargo@bakerlaw.com
Michael E. Mumford, *Admitted Pro Hac Vice*
mmumford@bakerlaw.com
BAKERHOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

*Counsel for Liberty Mutual Insurance*
*Company, Safeco Insurance Company of*
*Indiana, Indiana Insurance Company, and*
*American States Insurance Company*

/s/ Michael R. Nelson
Michael R. Nelson (NY Bar No. 4097572)
Kymberly Kochis (NY Bar No. 4045530)
Francis X. Nolan, IV (NY Bar No. 984277)
SUTHERLAND ASBILL & BRENNAN LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Phone:        (212) 389-5000
Facsimile:    (212) 389-5099
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

Jeffrey S. Cashdan
Claire Carothers Oates
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:    (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

*Counsel for Progressive Casualty Insurance*
*Company, Progressive American Insurance*
*Company, Progressive Classic Insurance*

8

Company, Progressive Direct Insurance
Company, and Progressive Max Insurance
Company,

*/s/ R. Bradley Best*
R. Bradley Best (MS Bar# 10059)
HOLCOMB DUNBAR WATTS BEST
MASTERS & GOLMON, PA
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, MS 38655
Tel: (662) 234-8775
Fax: (662) 238-7552
bradbest@holcombdunbar.com

*Counsel for Shelter General Insurance
Company and Shelter Mutual Insurance
Company*

*/s/ Richard L. Fenton*
Richard L. Fenton
Mark L. Hanover
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
E-mail: richard.fenton@dentons.com
E-mail: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail: bonnie.lau@dentons.com

Lori J. Caldwell
Florida Bar No. 0268674
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873

Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Facsimile: (407) 841-2133
E-mail: lcaldwell@rumberger.com

*Counsel for Allstate Indemnity Company,*
*Allstate Insurance Company, Allstate Property*
*and Casualty Insurance Company, and*
*Allstate Vehicle and Property Insurance*
*Company*

*/s/ Thomas W. Curvin*
Thomas W. Curvin (Ga. Bar No. 202740)
Amelia Toy Rudolph (Fla. Bar No. 0057015)
Patricia A. Gorham (Fla. Bar No. 0049861)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309-3996
404.853.8000 (T)
404.853.8806 (F)
tom.curvin@sutherland.com
amelia.rudolph@sutherland.com
patricia.gorham@sutherland.com

*Counsel for Zurich American Insurance*
*Company and Zurich American Insurance*
*Company of Illinois*

*/s/ Kathy L. Osborn*
Kathy L. Osborn
Ryan M. Hurley
Sarah Jenkins
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Tel. (317) 237-0300
Fax (317) 237-1000
Kathy.osborn@faegrebd.com
Ryan.hurley@faegrebd.com
Sarah.jenkins@faegrebd.com

Michael S. McCarthy
Heather Carson Perkins
3200 Wells Fargo Center

10

1700 Lincoln Street
Denver, CO  80203-4532
Tel. (303) 607-3703
Fax (303) 607-3600
Michael.mccarthy@faegrebd.com
Heather.perkins@faegrebd.com

*Counsel for American Family Mutual
Insurance Company*

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2016, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice

of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF

system.

/s/ Johanna W. Clark_____
Johanna W. Clark

106553243.1