**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

INDIANA AUTOBODY ASSOCIATION,
INC., et al.,

    Plaintiffs,

v.                                    Case No: 6:14-cv-6001-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This matter comes before the Court on the Motion for Reconsideration (Doc. 178) filed by the Plaintiffs and the responses in opposition (Doc. 179, 181) filed by certain Defendants.

### I. Background

On February 29, 2016, this Court entered an order (Doc. 176) (henceforth, the "Order") granting in part a number of motions to dismiss filed by various defendants.   The Order addressed only the Plaintiffs' antitrust claims, which were dismissed with prejudice.   (Order at 19).   The Plaintiffs' state law claims had been referred to Magistrate Judge Smith for disposition by way of a Report and Recommendation.   (Order at 1).   The Plaintiffs now seek reconsideration of the Order.

### II. Legal Standards

The federal rules do not specifically provide for the filing of a "motion for reconsideration."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).   However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration.   11 CHARLES ALAN WRIGHT ET

AL., FEDERAL PRACTICE & PROCEDURE § 2810.1 (3d ed. 2012). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).1 The decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp. 441 (D. Kan. 1990).

Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Of course, the corollary principle applies, and the movant's failure to show any manifest error may result in the motion's denial. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1 (3d ed. 2012).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must

make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir.1997)(citing, *inter alia*, *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y.1996).

**III.   Analysis**

The Plaintiffs' primary argument[1] in favor of reconsideration is that, sometime after the filing of their Second Amended Complaint (Doc. 151), the Plaintiffs "obtained" what they characterize as "direct evidence of price fixing by the named Defendants and unnamed co-conspirators." (Doc. 178 at 2). The Plaintiffs seek to have the Court reconsider the Order and grant them leave to amend their pleading to add in this evidence. (Doc. 178 at 3).

The Plaintiffs' effort must fail, for several reasons. As noted above, to justify reconsideration based on newly discovered evidence, a party must make some showing that the evidence was previously unavailable. The Plaintiffs here have made no such showing. The closest they come is a statement that the new evidence was unavailable at the time their Amended Complaint was filed. However, the Amended Complaint was filed on April 14, 2015, while the Order was not entered until ten months later – on February 29, 2016. The Plaintiffs offer no explanation for their failure to bring this information before the Court during that time.

---

[1] The Plaintiffs also argue that the Order "was entered less than three business days after the Report and Recommendation was issued, well before Plaintiffs had an opportunity to enter an objection to the recommendation." (Doc. 178 at 1). However, the Report and Recommendation did not address the antitrust claims that were the subject of the Order, and therefore the fact that it had just been released had no bearing on the timing of the issuance of the Order.

Even if they had provided a legitimate justification for their delay in raising it, the Plaintiffs' "direct evidence of price fixing" would not suffice to save their antitrust claims, which were dismissed due to a failure to properly allege the existence of a collusive agreement to fix prices.  (Doc. 176 at 8-17).   The evidence consists of statements from individuals employed by two of the Defendants.   The Plaintiffs do not provide affidavits or transcripts of the statements. Instead, they paraphrase:

> Plaintiffs obtained a statement from a Progressive employee who stated unequivocally that body shops have no say in the setting of their own labor rates, that the insurance companies "get together at big meetings" to set body shop labor rates, and that the insurance companies uniformly apply the labor rates agreed upon at these meetings. This representative even identified when the next such meeting was going to occur.
>
> Plaintiffs additionally obtained a statement from a State Farm representative who stated State Farm intentionally suppresses and fixes body shop labor rates, and that State Farm's labor rate survey is a sham to justify its intentional fixing of labor rates.

(Doc. 178 at 2).

These vague assertions do not add any weight to the Plaintiffs' existing allegations. Among other shortcomings, the statements do not identify any Defendants (aside from, presumably, Progressive and State Farm) that allegedly participated in the agreement to fix prices, or even what states the agreement covered.   The speakers who made the statements are not identified – even by job title – and thus there is no basis for a determination that either statement was made by someone with actual knowledge of the underlying facts.   And the statements obviously have not been reduced to an admissible form.   *See Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Additionally, commentators have described as 'self-evident' the requirements that newly discovered evidence be 'both admissible and credible,' as there is no reason to set aside a judgment on the basis of evidence that could not be admitted at a

new trial or, if admitted, would be unconvincing." (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60.42[6] (3d ed. 1997)).

**IV. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 178) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 12, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party