# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

INDIANA AUTOBODY ASSOCIATION,
INC., et al.,

    Plaintiffs,

v.                                                  Case No: 6:14-cv-6001-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 175) filed by Magistrate Judge Smith regarding the motions to dismiss (Doc. 154-56) filed by three groups of Defendants. After considering the motions, the Plaintiffs' response (Doc. 158), and replies (Doc. 162-64) filed by the Defendants, Judge Smith recommended that all of the Plaintiffs' remaining state law claims be dismissed with prejudice. (Doc. 175 at 2). The Plaintiffs filed an objection (Doc. 177) to the Report and Recommendation, and the Defendants filed replies (Doc. 180, 182) to that objection. Upon *de novo* review, the Court concurs with the recommendation of the Magistrate Judge.

    **I.    Background**

The instant case is one of 24 similar actions, consolidated for pretrial purposes, in which auto repair shops in a particular state have accused insurance companies of conspiring to suppress the amounts they are obligated to pay for automobile repairs in violation of Section I of the Sherman Antitrust Act and various state laws. On March 30, 2015, the Court dismissed the claims asserted in the Plaintiffs' Amended Complaint (Doc. 3). (Doc. 150). Subsequently, the

Plaintiffs filed a Second Amended Complaint (Doc. 151) (henceforth, the "SAC"). In that document, the Plaintiffs asserted two claims for alleged violations of the Sherman Act (Counts I and II), plus state law claims for tortious interference with a business relationship (Count III), and quantum meruit (Count IV). The Sherman Act claims have been dismissed with prejudice via a separate order (Doc. 116).

## II. Tortious Interference

In Count III, the Plaintiffs allege that the Defendants

> have repeatedly steered and attempted to steer customers who have either initiated or verbalized the intent to initiate a business relationship/transaction with a Plaintiff from the Plaintiffs' respective businesses through their repeated campaign of misrepresentation of facts, failure to verify facts damaging or tending to cause damage to the Plaintiffs' business reputations before conveying the same to members of the public, and, *inter alia*, implications of poor quality work, poor quality efficiency, poor business ethics and practices, and unreliability.

(SAC at 93). In addition to generalized statements, the Plaintiffs cited four instances in which a Defendant insurer attempted to interfere with an insured's taking of a vehicle to one of the Plaintiffs for repairs. (SAC at 59-60).

Under Indiana law, the elements of a claim of tortious interference with a business relationship are: (1) the existence of a valid business relationship; (2) of which the defendant knew; (3) in which the defendant intentionally and illegally interfered; (4) without justification; and (5) damage to the plaintiff resulting from the defendant's interference. *Economation, Inc. v. Automated Conveyor Sys. Inc.*, 694 F. Supp. 553, 556 (S.D. Ind. 1988) (citing *Flintridge Station Assocs. v. Am. Fletcher Mortg. Co.*, 761 F.2d 434, 440-41 (7th Cir. 1985)).

Judge Smith concluded that the Plaintiffs had failed to state a claim for tortious interference for several reasons He found that none of the four cited instances of steering were alleged to have been successful. As such, none of Plaintiffs had suffered a cognizable injury

resulting from the interference, as required to state a claim under Indiana law. (Doc. 175 at 10). In their objection, the Plaintiffs do not dispute Judge Smith's determination that none of the four instances were alleged to have succeeded. Because damage resulting from the interference is one of the requirements of a tortious interference claim under Indiana law, the Plaintiffs have failed to state such a claim in regard to those four instances of attempted steering.

Judge Smith also found that in regard to the four instances of attempted steering, the Plaintiffs had not plausibly alleged the existence of business relationships between themselves and the insureds, providing instead only bald assertions of possible business opportunities. (Doc. 175 at 11). The Plaintiffs respond that Indiana law recognizes, as valid business relationships, the sorts of relationships described in the SAC. (Doc. 177 at 3). However, the first case cited by the Plaintiffs – *Columbus Med. Servs. Org., LLC v. Liberty Health Care Corp*., 911 N.E.2d 85, 92 (Ind. Ct. App. 2009) – is inapposite. It involves a plaintiff that was already providing staffing services to a hospital, and whose bid for a second such contract was allegedly interfered with by the defendant. *Id.* at 88. The Court found that the plaintiff had two valid business relationships – one as the incumbent provider of staffing services, and one as a qualified respondent to the hospital's Request for Proposal. *Id.* at 92. In the instant case, there are no allegations that any of the four insureds were already doing business with any Plaintiff or had made any binding promises to a Plaintiff, or anything of that nature. The Plaintiffs also argue that the decision by a customer to do business with a particular vendor is enough to establish such a relationship. (Doc. 177 at 4). However, the case Plaintiffs cite – *Anderson v. Weldy*, 930 N.E.2d 12244 (Ind. Ct. App. 2010) – does not stand for this proposition. In *Anderson*, the Court held that the *absence* of such a determination by the customer meant there was no valid business relationship, but it did not hold that the *presence* of such a determination, standing alone, would create such a relationship. Thus,

- 3 -

the fact that each of the four insureds at issue here had decided to utilize the services of one of the Plaintiffs is not enough, on its own, to satisfy the requirement that the Defendant have attempted to interfere with a "valid business relationship."

In addition, Judge Smith found that the Plaintiffs had not alleged that any Defendant had acted illegally in any of the four instances of alleged steering. More specifically, Judge Smith found that the Plaintiffs' general allegation that the Defendants' conduct violated Indiana Code § 27-4-1-4 – which enumerates more than 40 unfair methods of competition and unfair and deceptive acts in the insurance business – was too vague to satisfy that requirement. (Doc. 175 at 12). The Plaintiffs argue that the Report and Recommendation requires undue specificity in pleading, but the Court disagrees. Properly stating a claim for tortious interference requires something more than what the Plaintiffs have provided – an assertion that all of the Defendants have engaged, at some unidentified point or points in time, in one or more of a laundry list of bad behaviors which violate one or more subparts of a statute in an unexplained way.

Finally, Judge Smith found that, despite being warned about the practice in the order dismissing the Amended Complaint, the Plaintiffs continued to engage in impermissible group pleading – *i.e.*, alleging that all of the Defendants tortiously interfered with all of the Plaintiffs' businesses – and had not provided a plausible justification for each Plaintiff's inability to identify any customers lost due to any Defendant's tortious interference. (Doc. 175 at 16-18). In response, the Plaintiffs reiterate their belief that the rules permit them to utilize group pleading. There are instances where group pleading is permissible, but in the instant case, as noted above, vague allegations that all of the Defendants did some or all of a list of bad things at some unknown time is not enough to satisfy Rule 8.

Thus, the Court agrees that the Plaintiffs have failed to state a claim for tortious interference under Indiana law. In addition, the Plaintiffs have not indicated that they are able to cure any of the deficiencies described above. Accordingly, the Court will adopt the recommendation of the Magistrate Judge, and the tortious interference claim will be dismissed with prejudice.

### III. Quantum Meruit

In Count IV, the Plaintiffs attempt to assert a claim for quantum meruit. They complain that they have "performed valuable services and expended material resources with the reasonable expectation of payment/compensation" but that the Defendants have refused to provide "full payment" for those services and materials. (SAC at 95-97). Under Indiana law, the elements of a claim for quantum meruit are: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment. *Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012).

> Quantum meruit … is a "legal fiction invented by the common-law courts to permit a recovery … where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise."

*Id.* at 791 (citing *Clark v. Peoples Sav. & Loan Ass'n,* 46 N.E.2d 681, 682 (Ind. 1943)).

As was the case with in the Amended Complaint, Judge Smith found that the Plaintiffs admit that they knew, ahead of time, how much the Defendants intended to pay for each repair and therefore could not have had a reasonable expectation of receiving more than that amount. (Doc. 175 at 20-21). Similarly, Judge Smith again found that the Plaintiffs had failed to allege that they had conferred benefits on the Defendants, because the services and materials were provided to the Defendants' insureds rather than to the Defendants themselves. And finally,

- 5 -

Judge Smith found that, as was the case with the tortious interference claim, the Plaintiffs had impermissibly engaged in group pleading, which failed to provide the information needed for individual Defendants to respond to the SAC in an informed way.

In response, the Plaintiffs misconstrue Judge Smith's reasoning asserting that he found dismissal of the claim proper "because Plaintiffs had no reasonable expectation of payment as Defendants had habitually refused to make full payment in the past." (Doc. 177 at 18). Not so. Judge Smith explained that the allegations in the SAC were that the Defendants had imposed a fixed price structure for repairs and told the Plaintiffs to "take it or leave it". (Doc. 175 at 20). In his words, "Plaintiffs cannot credibly allege that they expected additional payment after averring that Defendants fixed prices and told Plaintiffs to 'take it or leave it." (Doc. 175 at 21). The Plaintiffs arguments on this point do not stand up to scrutiny.

The same is true of the Plaintiffs' response to the finding that there was no allegation in the SAC that they had conferred a benefit on the Defendants: The Plaintiffs point out that the conferring of a benefit can include satisfaction of a debt or duty. (Doc. 177 at 20). They argue that the Defendants "are obligated to pay the cost of repairing vehicles for their insureds and claimants" and that the Plaintiffs' repair services "allow the Defendants to execute this duty." (Doc. 177 at 21). But allowing the Defendants to satisfy their duties to their insureds is a far cry from the Plaintiffs themselves actually satisfying those duties, as required to support a quantum meruit claim.

As for the finding regarding group pleading, the Plaintiffs' arguments are essentially the same as in regard to the tortious interference claim, and therefore do not warrant additional discussion. Again, the Plaintiffs have not indicated that they can cure any of the deficiencies

described above with regard to their quantum meruit claim. Accordingly, the Court will adopt the recommendation of the Magistrate Judge that Count IV be dismissed with prejudice.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Report and Recommendation is **AFFIRMED** and made a part of this order, as set forth above. And it is further

**ORDERED** that the Plaintiffs' remaining state law claims are **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 10, 2016.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party